■ LAWRENCE FRANKLIN et al., Respondents, v. ELBERT MANDEVILLE, as Clerk of the Board of Supervisors of the County of Nassau, et al., Appellants, and MICHAEL N. PETITO et al., Respondents.— In an action for a declaratory judgment, the appeal is from a judgment of the Supreme Court, Nassau County, dated November 4, 1968, which (1) granted the separate motions of plaintiffs and of defendants Petito and Nickerson on their cross claim against the other defendants; (2) adjudged that section 104 of the County Government Law of Nassau County (L. 1936, ch. 879, as amd.) is illegal, invalid and unconstitutional; and (3) made further directions with respect thereto. Judgment affirmed, without costs. On the undisputed facts presented on the motions for summary judgment, we agree with the Special Term that the weighted voting plan for the election of Supervisors of the County of Nassau violated the " one person, one vote " concept as explained in cases such as *Reynolds* v. *Sims* (377 U. S. 533), by depriving citizens of the Town of Hempstead of their right to substantial equality of representation. That conclusion appears inescapable, in view of the fact that the residents of that town constitute in excess of 57% of the population of the county, while their representatives have less than 50% of the total vote of the Board of Supervisors. Little need be added to the opinion below (*Franklin* v. *Mandeville,* 57 Misc 2d 1072) other than to note that, since the present plan of apportionment is invalid for the reason stated, it is our view that it is unnecessary to take testimony on the question of whether the plan is also invalid

under *Iannucci* v. *Board of Supervisors* (20 N Y 2d 244), in that it does not accord to each legislator the voting power, measured by the mathematical possibility of his casting a decisive vote, approximate to the power which he would have in a legislative body which did not employ weighted voting. Christ, Acting P. J., Brennan, Rabin, Benjamin and Martuscello, JJ., concur.